**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BITAVIA CLEVELAND,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-916**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**KRISTEN BARBER, *et al.*,**

**Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Bitavia Cleveland, an Ohio resident proceeding without the assistance of counsel, sues 23 different Defendants and makes allegations of rape and other physical, emotional, and financial abuse. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Additionally, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under 28 U.S.C. § 1406(a) as improperly venued.

Venue of civil actions in federal district courts is governed by 28 U.S.C. § 1391, which provides:

> (b) Venue in General.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a civil action is filed in the wrong venue, the Court may *sua sponte* dismiss the case. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Here, Plaintiff's complaint describes a long history of abuse at the hands of more than twenty individuals and entities. (*See generally* Compl., ECF No. 1-1.) None of those individuals or entities, however, are located in Ohio. Nor does Plaintiff allege that any of the events underlying her Complaint occurred in Ohio. Rather, it appears that Defendants are located in, and that the events giving rise to her claims occurred, in Illinois, Wisconsin, and Kansas. (*Id.*) Thus, Plaintiff's allegations do not suffice to establish venue in Ohio under § 1391(b)(1) or (b)(2). And because Plaintiff could bring this action in Illinois, Wisconsin, or Kansas where a substantial part of the events giving rise to her claims occurred under § 1391(b)(2), the provisions of § 1391(c) do not apply.

Plaintiff's claims are therefore improperly venued in Ohio. Although the Court could opt to transfer the case to another district where it might have been brought under § 1406(a), the undersigned recommends allowing Plaintiff to choose between the three possible proper venues (Illinois, Wisconsin, or Kansas) for her claims. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under 28 U.S.C. § 1406(b) for improper venue, without prejudice to re-filing in a proper venue.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE